Motion 522(t)(1)(A) (12/14)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re

    Barry E. Disbennett                          Case No. 16-55518
    Kimberly L. Disbennett                    Chapter 13

                                                                    Judge Preston
    Debtor

## MOTION TO AVOID JUDICIAL LIENS ON REAL PROPERTY
## PURSUANT TO 11 U.S.C. § 522(f)(1)(A)

Barry E. Disbennett and Kimberly L. Disbennett (the "Debtor," whether individually or collectively) move the court pursuant to 11U.S.C. § 522(f)(1)(A) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014 for an order granting this motion to avoid the judicial liens of:

State of Ohio Department of Taxation (the "Creditor").

### Memorandum in Support

(1) The Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on <u>August 25, 2016</u> (the "Petition Date").

(2) As of the Petition Date, the Debtor was the owner of the following real property located at <u>207 S. Ash Street, Marysville, OH 43040</u> (the "Property"). The Debtor owns the Property by:
quit claim deed recorded 4.25.1985 at v. 295 pg 73, Union County Recorder's Deed Records

[X] A legal description of the property is attached as Exhibit <u>A</u>.

(3) The value of the Property as of the Petition Date, as set forth in the schedules is $<u>120,000.00</u>.

(4) The Debtor's interest in the Property as of the Petition Date was $ <u>120,000.00</u>.

(5) As of the Petition Date, the Property was subject to certain mortgages/liens in the amounts specified and in the relative priority set forth below:

First lien: Union County Treasurer in the amount of $ <u>9,530.72</u> for real estate taxes due and owing.

Second lien: Internal Revenue Service in the amount of $110,469.28, by virtue of federal tax liens recorded on the following dates and in the following amounts:

      i.      $31,169.05     9.24.2007     OR 754 pg 589
      ii.     $107,830.24    9.24.2007     OR 754 pg 590
      iii.    $13,717.17     4.28.2008     OR 781 pg 248

Motion 522(f)(1)(A) (12/14)

    iv.   $31,694.17   5.7.2008   OR 782 pg 469
    v.   $10,301.65   7.20.2009   OR 832 pg 954

in the Union County Recorder's Office. The IRS is secured to extent of the value of the property after payment of real estate taxes.

(6) The Creditor obtained several judgments in the following amounts and on the following dates:

    i.   $31,169.05   9.24.2007   OR 754 pg 589
    ii.   $107,830.24   9.24.2007   OR 754 pg 590
    iii.   $13,717.17   4.28.2008   OR 781 pg 248
    iv.   $31,694.17   5.7.2008   OR 782 pg 469
    v.   $10,301.65   7.20.2009   OR 832 pg 954

recorded in the Union County Common Pleas Court Clerk's Office.

(7) The Debtor has claimed or is entitled to claim an exemption in the Property in the amount of $ 2,500.00   pursuant to ORC 2329.66(A)(18).

(8) 11 U.S.C. § 522(f)(2)(A) provides that "a lien shall be considered to impair an exemption to the extent that the sum of: (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any lien." 11 U.S.C. § 522(f)(2)(A).

(9) Using the formula set forth above, the judicial liens of the Creditor impair the Debtor's exemption, wherefore the judicial liens of the Creditor are avoidable pursuant to 11 U.S.C. § 522(f)(2)(A). In this case we have the following values:

    a. Amount of judicial liens (total)    $ 37,422.58
    b. Amount of all other liens    $ 120,000.00
    c. Value of exemptions    $ 2,500.00

    d. Total: lines a+ b + c =lined    $ 159,922.58
    e. Value of the Debtor's interest in the Property    $ 120,000.00

    f. Subtract line e from line d    $ 39,922.58

Extent of exemption impairment:    $ 39,922.58

If line f is equal to or greater than line a, the entire judicial lien is avoided. If line f is less than line a, a portion of the judicial lien may be avoided.

(10) Upon issuance of an Order granting debtors' Motion to Avoid Judicial Liens the judicial lien of the Creditor on the Property will be avoided. **If** the Creditor fails to timely release the judicial lien, the Debtor may submit an order granting this motion to the applicable court or recorder's office as evidence of the release of the judicial lien.

Motion 522(f)(1)(A) (12/14)

   WHEREFORE, the Debtor requests that the court grant the Motion to Avoid Judicial Liens on Real Property pursuant to 11 U.S.C. § 522(f)(1)(A).

                                      Respectfully submitted,

                                      /s/ John F. Cannizzaro
                                      John F. Cannizzaro #0005096
                                      Cannizzaro, Bridges, Jillisky & Streng, LLC
                                      302 South Main Street
                                      Marysville, OH 43040
                                      Ph: (937) 644-9125
                                      Fx: (937) 644-0754
                                      bkadmin@cfbjs.com

                          **Notice of Motion**

   Debtor, **Barry E. Disbennett and Kimberly L. Disbennett**, have filed a Motion to Avoid Judicial Liens on Real Property pursuant to 11 U.S.C. § 522(f)(1)(A).

   Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

   If you do not want the court to grant the relief sought in the motion, then on or before twenty-one (21) days from the date set forth in the certificate of service for the motion, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

                          United States Bankruptcy Clerk's Office
                          170 N. High Street
                          Columbus, OH 43215

   OR your attorney must file a response using the court's ECF System.

   The court must receive your response on or before the above date.

   You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

   John F. Cannizzaro, 302 South Main Street, Marysville, OH 43040;
   Frank M. Pees, Chapter 13 Trustee, 130 E. Wilson Bridge Rd., #200 Worthington, OH 43085;
   U.S. Trustee's Office, 170 N. High St., Suite 200, Columbus, OH 43215;

   If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

   Date: August 26, 2016                /s/ John F. Cannizzaro
                                        John F. Cannizzaro #0005096
                                        302 S. Main Street
                                        Marysville, OH 43040

**Certificate of Service**

I hereby certify that true and accurate copies of the foregoing Motion to Avoid Judicial Liens on Real

Property pursuant to 11 U.S.C. § 522(f)(1)(A) and Notice of Motion were served on <u>August 26, 2015</u> on the following registered ECF participants, electronically through the Court's **ECF System** at the email address registered with the Court:

Frank Pees, Chapter 13 Trustee, 130 E. Wilson Bridge Rd #200, Worthington, OH 43085;
Office of the US Trustee, 170 N. High Street, Suite 200, Columbus, OH 43215-2403;

And on the following parties by **regular U.S. mail**:

Barry E. Disbennett and Kimberly L. Disbennett
206 N. Maple Street
Marysville, OH 43040;

And on the following parties by **certified mail, return receipt requested**:

State of Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43266

State of Ohio Attorney General's Office
Revenue Recovery Division
150 E. Gay St 21st Floor
Columbus, OH 43215

/s/ John F. Cannizzaro
John F. Cannizzaro # 0005096
Cannizzaro, Bridges, Jillisky & Streng, LLC
302 S. Main Street
Marysville, OH  43040
Ph:  (937) 644-9125
Fx:  (937) 644-0754
bkadmin@cfbjs.com

FORM 666X Warranty Deed - OHIO Statutory Form
REV. 8/76

136678


TUTBLANX REGISTERED U. S. PAT. OFFICE
TUTTLE LAW PRINT, PUBLISHERS, RUTLAND, VT 05701

# Know all Men by these Presents

That MARGARET ANN COOK, unmarried

of                County, State of Ohio, for valuable consideration paid, grant ,

with general warranty covenants, to BARRY E. DISBENNETT and KIM L. HOLLINGSHEAD

whose tax mailing address is 303 West Sixth Street, Marysville, Ohio 43040

the following real property:

Real estate situated in the County of Union, in the State of Ohio, and in the City of Marysville, and bounded and described as follows:

Beginning at the intersection of the line marking the South margin of Sixth Street, and in the line marking the West margin of Ash Street; thence west with said line of Sixth Street four poles; thence South parallel with said Ash Street ten rods, more or less, to an alley; thence East with the North side of said alley four rods to the West margin of said Ash Street; thence North with said line to the place of beginning, and including all of In-Lot #162, except so much as has been taken for said Ash Street.

EXCEPTING THEREFROM the following real estate:

Being 63 feet in width off the south end of Lot No. 162 in the Western Addition to the City of Marysville. The premises herein conveyed having a frontage of 63 feet on Ash Street and a depth of 66 feet. Refer to the plat of the Western Addition to Marysville, in Vol. of Deeds No. 110, page 623, and also the proceedings in the renumbering of the lots of said Village of Marysville in Plat Book No. 1, Page 15. Also refer to the ordinance passed by the Village of Marysville on April 29, 1878, opening Ash Street, and appropriating land for the same.

EXCEPT FOR EASEMENT AND RESTRICTIONS OF RECORD
AND REAL ESTATE TAXES FOR THE YEAR 1985.

TRANSFERRED
APR 25 1985
Eloise Dowell, Aud.
BY Cml

This Conveyance has been examined and the Grantor has complied with Section 319.202 of the Revised Code.

FEE $ 71 00/100

EXEMPT_____

ELOISE DOWELL, County Auditor

EXHIBIT A

73

Prior Instrument Reference: Volume 243 Page 478 ~~wife husband of the grantor, releases all rights of dower therein.~~

**Witness** my hand this **19** day of April 19 85.

Signed and acknowledged in presence of

*Lois E. [Mellinger]*
*Jerry [Wheeler]*

X *Margaret Ann Cook*
MARGARET ANN COOK

State of ~~Ohio~~ Florida
Lee County, ss. Before me, a Notary Public in and for said County and State, personally appeared the above named

MARGARET ANN COOK, unmarried,

who acknowledged that she did sign the foregoing instrument and that the same is her free act and deed.

**In Testimony Whereof,** I have hereunto set my hand and official seal, at , Florida this **19** day of April A. D. 19 85

*Jerry [Wheeler]*
Notary Public 1-16-88

State of          County, ss. Before me, a in and for said County and State, personally appeared the above named

who acknowledged that did sign the foregoing instrument and that the same is free act and deed.

**In Testimony Whereof,** I have hereunto set my hand and official seal, at this            day of A. D. 19

This instrument prepared by ALLEN, HOWARD & YURASEK, Attorneys at Law

---

**Warranty Deed**

MARGARET ANN COOK, unmarried,
TO
BARRY E. DISBENNETT &
KIM L. HOLLINGSHEAD

Transferred April 19 85
COUNTY AUDITOR

BETTY J. POLING
RECORDER, UNION CO., OH
1985 APR 25 PM 3:55
VOL 295 PAGE 15
10.00

ALLEN, HOWARD & YURASEK
ATTORNEYS AT LAW
233 WEST FIFTH STREET
P. O. BOX 301
MARYSVILLE, OHIO 43040